[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State v. Thomas,* **Slip Opinion No. 2016-Ohio-5567.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2016-OHIO-5567

THE STATE OF OHIO, APPELLANT, *v.* THOMAS, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Thomas,* Slip Opinion No. 2016-Ohio-5567.]**

*Criminal law—2011 Am.Sub.H.B. No. 86—R.C. 1.58(B)—R.C. 1.52(A)— Defendant, who was convicted and sentenced in 2014 for offenses committed in 1993, is entitled to the benefit of the shorter potential sentences under the law in effect at the time of sentencing.*

(No. 2015-0473—Submitted April 5, 2016—Decided August 30, 2016.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 101202, 2015-Ohio-415.

_____

**FRENCH, J.**

{¶ 1} Appellee, Jermaine Thomas, was convicted of first-degree-felony rape and kidnapping in 2014 for offenses he committed in 1993. After he committed the offenses but before he was convicted and sentenced, the General Assembly twice enacted substantial changes to Ohio's criminal-sentencing

scheme. As relevant to Thomas, the law in effect in 2014 reduced the potential prison sentences for first-degree-felony rape and kidnapping as compared with the potential prison sentences for those offenses under the law in effect in 1993. In this discretionary appeal, we consider whether Thomas is entitled to the benefit of the shorter potential sentences under the law in effect at the time of sentencing. We hold that he is.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} In 2013, the Cuyahoga County Grand Jury indicted Thomas for multiple offenses stemming from an incident in 1993. The parties tried the case to a jury, which returned guilty verdicts on one rape charge and one kidnapping charge. At the time these offenses were committed, they were both aggravated felonies of the first degree. *See* former R.C. 2907.02(B) (145 Ohio Laws, Part I, 344-345) and former R.C. 2905.01(C) (139 Ohio Laws, Part I, 537). The jury also found Thomas guilty of the three-year firearm specifications attached to each of those counts.

{¶ 3} Sentencing took place in 2014. Consistent with the sentencing law in effect at the time of the 1993 offenses, the trial court imposed an 8-to-25-year prison sentence on the rape count and an 8-to-25-year prison sentence on the kidnapping count. The trial court ordered Thomas to serve those sentences concurrently. It also merged the three-year firearm specifications, ordering that Thomas serve them prior to and consecutive to his rape and kidnapping sentences for a total prison sentence of 11 to 25 years.

{¶ 4} Thomas appealed the sentence and argued that he should have been sentenced under 2011 Am.Sub.H.B. No. 86 ("H.B. 86"), the law in effect at the time of his 2014 sentencing. The Eighth District Court of Appeals agreed, vacated Thomas's sentence, and remanded for resentencing.

**{¶ 5}** We accepted the discretionary appeal of appellant, the state of Ohio. *State v. Thomas*, 143 Ohio St.3d 1463, 2015-Ohio-3733, 37 N.E.3d 1249. The state presents a single proposition of law:

> A defendant who commits an offense prior to July 1, 1996 is subject to law in effect at the time of the offense and not subject to sentencing provisions of S.B. 2 effective July 1, 1996 and H.B. 86 effective September 30, 2011.

**{¶ 6}** For the reasons below, we conclude that Thomas must be sentenced under H.B. 86. We therefore affirm the Eighth District's judgment.

## ANALYSIS

**{¶ 7}** Our primary concern when construing statutes is legislative intent. *State ex rel. Savarese v. Buckeye Local School Dist. Bd. of Edn.*, 74 Ohio St.3d 543, 545, 660 N.E.2d 463 (1996). In determining that intent, we first look to the plain language of the statute. *Summerville v. Forest Park*, 128 Ohio St.3d 221, 2010-Ohio-6280, 943 N.E.2d 522, ¶ 18, citing *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 11. But when legislative intent is unclear, we invoke statutory-construction principles. *Cline v. Ohio Bur. of Motor Vehicles*, 61 Ohio St.3d 93, 97, 573 N.E.2d 77 (1991); *State v. Taylor,* 100 Ohio St.3d 172, 2003-Ohio-5452, 797 N.E.2d 504, ¶ 17.

**{¶ 8}** Before turning to the various sentencing statutes implicated here, we briefly set out two statutory rules of construction that apply to all Ohio statutes, subject to conditions not applicable here, and that guide our review. First, R.C. 1.58(B) provides that if a statutory amendment reduces the punishment for an offense, the "punishment, if not already imposed, shall be imposed according to the statute as amended." And R.C. 1.52(A) provides that when statutes are

irreconcilable, the later enactment prevails. We turn, then, to the sentencing statutes at issue.

{¶ 9} Under the sentencing scheme in place in 1993 when Thomas committed the offenses, he was subject to prison sentences ranging from 5 to 25 years to 10 to 25 years for each offense. Former R.C. 2929.11(B)(1)(a), 143 Ohio Laws, Part I, 1433. Pursuant to that scheme, the trial court sentenced him to concurrent prison terms of 8 to 25 years, exclusive of the sentence for the gun specifications. Ohio's felony-sentencing scheme has undergone significant changes since that time, however.

{¶ 10} On July 1, 1996, Am.Sub.S.B. No. 2 ("S.B. 2"), 146 Ohio Laws, Part IV, 7136, took effect. The hallmark of this enactment was truth in sentencing, which it accomplished by eliminating indefinite sentences and replacing parole with postrelease control, which is a postprison period during which the Adult Parole Authority would supervise offenders and impose conditions designed to protect the community and aid the offenders' successful reintegration into society. *Woods v. Telb*, 89 Ohio St.3d 504, 508, 733 N.E.2d 1103 (2000). As a result, offenders served the definite sentence imposed, unless the sentence was altered by the judge. *Id.* Under S.B. 2, the authorized prison sentence for a first-degree felony—like those Thomas was convicted of—was three, four, five, six, seven, eight, nine, or ten years. Former R.C. 2929.14(A)(1) (146 Ohio Laws, Part IV, 7464).

{¶ 11} S.B. 2 also contained uncodified law—that is, provisions that are not laws of a general and permanent nature and thus do not receive permanent Ohio Revised Code section numbers. *Maynard v. Eaton Corp.*, 119 Ohio St.3d 443, 2008-Ohio-4542, 895 N.E.2d 145, ¶ 7, citing Ohio Legislative Service Commission, *A Guidebook for Ohio Legislators* 145 (10th Ed.2007–2008). The

uncodified law found in Section 5 of S.B. 2, as amended by 1996 S.B. No. 269 ("S.B. 269"),[1] provided:

> The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and notwithstanding division (B) of section 1.58 of the Revised Code, to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date.

> The provisions of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense on or after that date.

146 Ohio Laws, Part IV, 11099.

{¶ 12} In *State v. Rush*, 83 Ohio St.3d 53, 697 N.E.2d 634 (1998), paragraph two of the syllabus, we confirmed that this language limited the sentencing provisions of S.B. 2 to offenders who committed their offenses on or after July 1, 1996. Applying this language, we conclude that because Thomas committed his offenses in 1993, prior to the effective date of S.B. 2, he was not eligible for sentencing under S.B. 2, notwithstanding the admonition of R.C. 1.58(B) to give a defendant the benefit of any amendment.

{¶ 13} The General Assembly again enacted substantial changes to Ohio's felony-sentencing scheme with H.B. 86, which took effect on September 30, 2011. The General Assembly's intent in enacting H.B. 86 was "to reduce the

---

[1] Section 3 of the uncodified law in 1996 S.B. No. 269 amended Section 5 of the uncodified law in S.B. 2 to add one phrase: "notwithstanding division (B) of section 1.58 of the Revised Code." 146 Ohio Laws, Part VI, 11099. S.B. 269 did not change the sentencing ranges that S.B. 2 provided for Thomas's offenses.

state's prison population and to save the associated costs of incarceration by diverting certain offenders from prison and by shortening the terms of other offenders sentenced to prison." *State v. Taylor*, 138 Ohio St.3d 194, 2014-Ohio-460, 5 N.E.3d 612, ¶ 17, citing Ohio Legislative Service Commission, Fiscal Note & Local Impact Statement to Am.Sub.H.B. 86, at 3 (Sept. 30, 2011). Among its many changes, H.B. 86 reduced the minimum and maximum sentences for many nonviolent third-degree felonies, added categories of offenses to those already eligible for intervention in lieu of conviction, and created mandatory community-control sanctions for many fourth- and fifth-degree-felony offenses. David J. Diroll, Ohio Criminal Sentencing Commission, *H.B. 86 Summary: The 2011 Changes to Criminal and Juvenile Law*, 7–9 (Sept. 26, 2011), available at http://www.supremecourt.ohio.gov/Boards/Sentencing/resources/summaries/HB8 6Summary.pdf (accessed June 10, 2016). For first-degree-felony offenses—like those Thomas committed—H.B. 86 prescribed a prison term of three, four, five, six, seven, eight, nine, ten, or eleven years. R.C. 2929.14(A)(1). *Id.* at 9.

{¶ 14} Like S.B. 2, H.B. 86 included uncodified law addressing the offenders to whom its changes applied. *See* H.B. 86, Sections 3 and 4. Unlike S.B. 2, however, the uncodified law in H.B. 86 did not in all instances limit application of its provisions to those offenders who committed offenses on or after its effective date. Nor did the uncodified language in H.B. 86 provide an exception to the applicability of R.C. 1.58(B), which generally affords an offender who has not been sentenced the benefit of a statutory amendment that would reduce the offender's potential sentence. Rather, consistent with its overall purpose of reducing costs by decreasing the prison population and shortening prison sentences, the uncodified language of H.B. 86 states that its penalty-reduction provisions apply to those offenders to whom R.C. 1.58 applies. 2011 Am.Sub.H.B. 86, Sections 3–4. Specific to Thomas, Section 4 provided that "[t]he amendments to * * * division (A) of section 2929.14 of the Revised Code

that are made in this act apply * * * to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable." In other words, if the provisions of H.B. 86 reduced the potential sentence for an offense, then R.C. 1.58(B) gives offenders not yet sentenced the benefit of the reduced sentence.

{¶ 15} Under the sentencing scheme in place in 1993 when Thomas committed the offenses, he was subject to prison sentences ranging from 5 to 25 years to 10 to 25 years. Former R.C. 2929.11(B)(1)(a), 143 Ohio Laws, Part I, 1433. And because he committed his offenses prior to July 1, 1996, Thomas remained subject to those same sentencing ranges after the passage of S.B. 2. But H.B. 86 reduced the potential sentences for Thomas's rape and kidnapping offenses below the ranges applicable in 1993 to potential sentences of three, four, five, six, seven, eight, nine, ten, or eleven years. R.C. 2929.14(A)(1).[2] As Thomas plainly concluded, "3 to 11 years is less than 5 to 25 years." We agree. Therefore, he gets the benefit of a reduced sentence.

{¶ 16} The state contends that Thomas remains subject to the sentencing provisions in place at the time of his offenses in 1993 because the uncodified language of S.B. 2, as amended by S.B. 269, precludes application of R.C. 1.58(B) to offenses that occurred prior to July 1, 1996. The state maintains that that uncodified language continues to control despite the General Assembly's express statement in the later uncodified language of H.B. 86 that the penalty provisions in that bill apply in the circumstances described in R.C. 1.58(B). The uncodified law of S.B. 2, as amended by S.B. 269, specifies that its sentencing provisions apply only to those offenders who committed their offenses after its effective date in 1996. But the uncodified law of H.B. 86 specifies that its

---

[2] The gun-specification sentences are functionally identical under the law prior to S.B. 2 and after the effective date of H.B. 86, so we need not consider them. R.C. 2929.71(A)(2), 143 Ohio Laws, Part I, 1443 (pre-S.B. 2); R.C. 2929.41(B)(4), 143 Ohio Laws, Part I, 1438–1439 (pre-S.B. 2); R.C. 2929.14(B)(1)(a)(ii) (H.B. 86).

sentencing provisions apply to any unsentenced offender whose potential sentence would be reduced under H.B. 86, regardless of when the offense was committed.

{¶ 17} As applied to Thomas—who committed his offenses prior to the effective date of S.B. 2 and S.B. 269, both effective July 1, 1996, but was not sentenced until after the effective date of H.B. 86 in 2011—the uncodified law of these enactments irreconcilably conflicts. The uncodified language of S.B. 2 would preclude application of R.C. 1.58, but the uncodified language of S.B. 86 expressly provides for application of R.C. 1.58. We therefore apply R.C. 1.52(A) in resolving this conflict, and we conclude that H.B. 86—as the later-enacted statute—controls Thomas's sentencing. R.C. 1.52(A) therefore compels our holding that Thomas must be sentenced under the reduced-sentence provisions of H.B. 86.

## CONCLUSION

{¶ 18} The amendments to R.C. 2929.14(A) in H.B. 86 reduced the potential sentences for Thomas's offenses, rendering H.B. 86 generally applicable to him under its uncodified law and R.C. 1.58. This irreconcilably conflicts with the uncodified law of S.B. 2, amended by S.B. 269, which states that subsequent sentencing law is inapplicable to offenders who committed their crimes prior to July 1, 1996. Applying the appropriate statutory construction provision, we hold that H.B. 86 controls as the later-enacted provision. Consistent with that conclusion, we decline to adopt the state's proposition of law. We affirm the Eighth District's judgment and remand the matter to the trial court for further proceedings consistent with this opinion.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LANZINGER, and O'NEILL, JJ., concur.

O'DONNELL, J., dissents, with an opinion joined by KENNEDY, J.

_____

**O'DONNELL, J., dissenting.**

{¶ 19} Respectfully, I dissent.

{¶ 20} In my view, a person who committed an offense prior to July 1, 1996, but is sentenced on or after September 30, 2011, is subject to the sentencing provisions in existence prior to July 1, 1996, not the provisions of 2011 Am.Sub.H.B. No. 86, because the uncodified law in Section 5 of 1996 Am.Sub.S.B. No. 2, as amended by 1996 S.B. No. 269, does not conflict with the uncodified law in Section 4 of H.B. 86.

### Statutory Analysis

{¶ 21} R.C. 1.58(B) states: "If the penalty, forfeiture, or punishment for any offense is reduced by * * * amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

{¶ 22} However, on July 1, 1996, S.B. 2 took effect, and Section 5 of that act, as amended by S.B. 269, provides:

> The provisions of the Revised Code in existence prior to July 1, 1996, shall apply to a person upon whom a court imposed a term of imprisonment prior to that date and *notwithstanding division (B) of section 1.58 of the Revised Code*, to a person upon whom a court, on or after that date and in accordance with the law in existence prior to that date, imposes a term of imprisonment for an offense that was committed prior to that date.

> The provisions of the Revised Code in existence on and after July 1, 1996, apply to a person who commits an offense on or after that date.

(Emphasis added.) 146 Ohio Laws, Part VI, 11099. The foregoing language is an expressed intent of the General Assembly that a person who committed an offense prior to July 1, 1996, but who is sentenced on or after that date be sentenced in accordance with the law in effect prior to July 1, 1996, despite the language of R.C. 1.58(B) otherwise permitting that person to benefit from a subsequent change in sentencing laws, because the later enacted provisions of S.B. 2, as amended by S.B. 269, specifically refer to 1.58(B) by using the phrase "notwithstanding division (B) of section 1.58 of the Revised Code," thereby negating those statutory provisions in this specific instance.

{¶ 23} On September 30, 2011, H.B. 86 took effect, and Section 4 of that act states:

> The amendments to * * * division (A) of section 2929.14 of the Revised Code that are made in this act apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to *a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable.*

(Emphasis added.)

{¶ 24} In the enactment of H.B. 86 however, the General Assembly did not expressly repeal Section 5 of S.B. 2. This is significant because "the judicial policy of Ohio has been that repeals by implication are not favored and will not be found unless the provisions of the purported repealing Act are so totally inconsistent and irreconcilable with the existing enactment as to nullify it." *State ex rel. Specht v. Painesville Twp. Local School Dist. Bd. of Edn.*, 63 Ohio St.2d 146, 148, 407 N.E.2d 20 (1980).

**{¶ 25}** The provisions of the uncodified law in S.B. 2 and H.B. 86 are reconcilable. Section 4 of H.B. 86 makes amendments to certain provisions of the Revised Code applicable to (1) a person who commits an offense on or after September 30, 2011, and (2) a person to whom R.C. 1.58(B) "makes the amendments applicable." Although the amendment may reduce the punishment for an offense if punishment has not already been imposed, R.C. 1.58 does not make the amendment applicable to persons who committed offenses prior to July 1, 1996, because Section 5 of S.B. 2 expressly states that *notwithstanding division (B) of section 1.58 of the Revised Code*, the Revised Code provisions in existence prior to that date apply to such persons.

**{¶ 26}** Thus, a person such as Jermaine Thomas who committed offenses before July 1, 1996, is subject to the sentencing laws in existence prior to that date, and a person who commits an offense on or after that date is subject to the amended sentencing provisions in H.B. 86 if the individual otherwise meets the requirements of that act.

**{¶ 27}** Accordingly, I would reverse the judgment of the Eighth District Court of Appeals.

KENNEDY, J., concurs in the foregoing opinion.

_____

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Daniel T. Van and Brett S. Hammond, Assistant Prosecuting Attorneys, for appellant.

Russell S. Bensing, for appellee.

John Murphy, Joseph T. Deters, and Rachel Lipman Curran, urging reversal for amicus curiae Ohio Prosecuting Attorneys Association.

Ron O'Brien, Franklin County Prosecuting Attorney, and Steven L. Taylor, Chief Counsel, urging reversal for amicus curiae Franklin County Prosecuting Attorney Ron O'Brien.

_____