[Cite as *State v. Thomas*, 2017-Ohio-9274.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 105613**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JERMAIN THOMAS

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED; REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-575711-A

**BEFORE:** E.A. Gallagher, J., Keough, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** December 28, 2017

**ATTORNEY FOR APPELLANT**

Russell S. Bensing
600 IMG Building
1360 East Ninth Street
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY: Brad Meyer
         Kristin M. Karkutt
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN A. GALLAGHER, J.:

**{¶1}** Defendant-appellant Jermain Thomas[1] appeals from his resentencing in the Cuyahoga County Court of Common Pleas after remand based on the Ohio Supreme Court's decision *State v. Thomas*, 148 Ohio St.3d 248, 2016-Ohio-5567, 70 N.E.3d 496. Thomas contends that his maximum, concurrent sentences on rape and kidnapping charges should be vacated or modified because the trial court (1) failed to comply with R.C. 2929.11 and 2929.12 and (2) imposed a harsher sentence on remand after Thomas' successful appeal. For the reasons that follow, we vacate his sentences.

**Factual and Procedural Background**

**{¶2}** In 2013, a Cuyahoga County Grand Jury indicted Thomas on three counts of rape and one count of kidnapping, with accompanying one-year and three-year firearm specifications, based on conduct that allegedly occurred in 1993.

**{¶3}** In *State v. Thomas*, 8th Dist. Cuyahoga No. 101202, 2015-Ohio-415 ("*Thomas I*"), this court described the incident giving rise to the charges against Thomas and the reasons for the 20-year delay in prosecuting Thomas as follows:

> The victim, A.W., testified that on the evening of June 28, 1993, she left her house on Dickens Avenue in Cleveland to walk to her cousin's house on Manor Avenue, one street over. In the darkness, a man approached her and forced her to walk south on East 97th Street toward Hilgert Drive. The man stayed close behind her holding something into her back that she believed was a gun. They walked up a driveway of a house next to an empty field where the man forced A.W. onto her knees and vaginally raped

---

[1] Thomas' first name is spelled two different ways in the records before this court — "Jermaine" and "Jermain." In his appellate brief, his name was spelled "Jermain." Accordingly, we refer to defendant-appellant as "Jermain Thomas."

her. Although it was dark, there was sufficient light for A.W. to see that the man was holding a gun. There were no known witnesses of the crime.

After the rape, A.W. ran home to use the bathroom before running to a neighbor's house where a friend called the police. Later that evening she went by ambulance to St. Luke's Hospital where Dr. Cynthia Boes ("Dr. Boes") collected evidence of the rape in a rape kit. A.W. described the rape in detail to Dr. Boes, who wrote a narrative account of the incident in A.W.'s chart. A few days after the rape, Officer Debra Simmons ("Simmons") of the Cleveland Police Department met with A.W. in her home to investigate the rape. A.W. was unable to provide a detailed description of the suspect because it was dark, and she did not look at his face at any time during the incident. Without any leads, the case went cold.

In 2006, scientists at the Ohio Bureau of Criminal Investigation ("BCI") tested the evidence in A.W.'s rape kit and found DNA that matched Thomas's DNA. A detective contacted A.W. and informed her that BCI had identified a suspect with DNA evidence from the rape kit. A.W. informed the detective that she did not want to prosecute him. She explained she "didn't want to relive that moment again." Accordingly, A.W. signed a "Waiver of Prosecution," and the detective once again closed the investigation.

In 2013, an investigator from the Cuyahoga County Prosecutor's Office notified A.W. that the prosecutor's office was proceeding with the prosecution of the suspect in her rape case. The investigator discussed the incident with A.W. and presented a photograph lineup of suspects. A.W. was unable to identify the perpetrator from the lineup but agreed to assist in the prosecution.

*Id.* at ¶ 3-6.

{¶4} The case proceeded to a jury trial. The state dismissed two of the rape counts and the one-year firearm specifications on the remaining counts. In February 2014, the jury found Thomas guilty of one count of rape, one count of kidnapping and the related three-year firearm specifications. Applying the sentencing law in effect when the offenses occurred in 1993, the trial court sentenced Thomas to concurrent indefinite

prison terms of 8 to 25 years on the rape and kidnapping charges, plus three years on the firearm specification[2] to be served prior to and consecutive to the sentences on the underlying offenses.

{¶5} Thomas appealed his convictions and sentences. As to his sentences, Thomas argued that he should have been sentenced under 2011 Am.Sub.H.B. No. 86 ("H.B. 86"), the law in effect at the time of his 2014 sentencing, rather than the law in effect at the time the offenses occurred. This court agreed; the court vacated Thomas' sentences and remanded the case for resentencing under H.B. 86. *Thomas I* at ¶ 41-50. The state appealed to the Ohio Supreme Court. After the state filed its notice of appeal with the Ohio Supreme Court, the trial court conducted a resentencing hearing pursuant to this court's mandate in *Thomas I*. On July 30, 2015, the trial court sentenced Thomas to concurrent 11-year sentences on the rape and kidnapping charges, to be served consecutively to the three-year sentence on the firearm specification. Once again, Thomas appealed his sentences to this court. *See State v. Thomas*, 8th Dist. Cuyahoga No. 103406, 2016-Ohio-8326 ("*Thomas III*").

{¶6} The Ohio Supreme Court accepted the state's appeal of *Thomas I* on September 16, 2015. This court stayed the appeal from the trial court's July 30, 2015 sentencing journal entry, pending the Ohio Supreme Court's disposition of the state's appeal of *Thomas I*. On August 30, 2016, the Ohio Supreme Court concluded that Thomas was entitled to the benefit of the shorter potential sentences under H.B. 86, the

---

[2]The trial court merged the three-year firearm specifications.

law in effect at the time of sentencing, affirmed this court's decision in *Thomas I* and remanded the matter to the trial court for resentencing. *State v. Thomas*, 148 Ohio St.3d 248, 2016-Ohio-5567, 70 N.E.3d 496, ¶ 18 ("*Thomas II*"). After the Ohio Supreme Court issued its decision, this court lifted the stay, vacated the trial court's sentence — concluding that the trial court lacked jurisdiction to resentence Thomas after the state filed its notice of appeal to the Ohio Supreme Court — and remanded the matter for a resentencing hearing in accordance with *Thomas II*. *Thomas III* at ¶ 13-14.

{¶7} On March 14, 2017, the trial court held another resentencing hearing. Defense counsel, Thomas and the state addressed the court at the sentencing hearing. The victim was not present; however, the state read into the record a letter the victim had written to the court in connection with the prior sentencing hearing. After considering the evidence presented at trial, the statements of the parties, the sentencing memorandum submitted by defense counsel and the presentence investigation report, the trial court once again sentenced Thomas to concurrent 11-year sentences on the rape and kidnapping charges, to be served consecutively to the three-year sentence on the firearm specification. The trial court also imposed five years of mandatory postrelease control and found Thomas to be a sexual predator. On March 19, 2017, the trial court entered its sentencing journal entry.

{¶8} Once again, Thomas appealed his sentences to this court, raising the following two assignments of error for our review:

> ASSIGNMENT OF ERROR NO. 1: The trial court erred in imposing a maximum sentence upon Defendant.

ASSIGNMENT OF ERROR NO. 2: The trial court violated Defendant's right to due process under the Fourteenth Amendment to the United States Constitution, and Article I, Section 16 of the Ohio Constitution, by imposing a harsher sentence upon Defendant after his successful appeal.

**Law and Analysis**

{¶9} We address Thomas' second assignment of error first. In his second assignment of error, Thomas contends that the trial court violated his due process rights and that his sentence is contrary to law because the trial court imposed a "harsher" sentence on remand after his successful appeal by sentencing him to concurrent prison term of 11 years on the rape and kidnapping charges (plus three years on the firearm specification) compared to his original sentence of 8 to 25 years on the rape and kidnapping charges (plus three years on the firearm specification).

{¶10} Due process prohibits a court from imposing a harsher sentence on a defendant on remand in retaliation for exercising his or her right to appeal. *State v. Schneider*, 8th Dist. Cuyahoga No. 98938, 2013-Ohio-2532, ¶ 7, citing *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *see also State v. Collins*, 8th Dist. Cuyahoga Nos. 98575 and 98595, 2013-Ohio-938, ¶ 8("[A] trial court violates the due process clause of the Fourteenth Amendment when, motivated by retaliation for a defendant's successful appeal, it resentences a defendant to a harsher sentence"); *Bordenkircher v. Hayes*, 434 U.S. 357, 363, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) ("'[t]o punish a person because he has done what the law plainly allows him to do is a due

process violation of the most basic sort * * *"").  Thus, a sentence vindictively imposed on a defendant for exercising his or her right to appeal is contrary to law.  *Compare State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 8 ("[A] sentence vindictively imposed on a defendant for exercising his constitutional right to a jury trial is contrary to law."), citing *State v. O'Dell*, 45 Ohio St.3d 140, 147, 543 N.E.2d 1220 (1989); *see also Schneider* at ¶ 7 ("an enhanced sentence imposed out of vindictiveness may be contrary to law").

{¶11} Citing *Pearce*, Thomas argues that the trial court's imposition of a "harsher sentence" following his successful appeal in this case "creates a presumption of vindictiveness" that necessitates vacating his sentence.  In *Pearce*, the defendant successfully appealed his conviction and the case was remanded for a retrial.  *Pearce*, 395 U.S. 711, 713, 89 S.Ct. 2072, 23 L.Ed.2d 656.  After the defendant was tried and convicted a second time for the same offense, he received a harsher sentence.  *Id.*  The United States Supreme Court held that a presumption of vindictiveness arose when the trial judge imposed a harsher sentence on the defendant after the second trial.  *Id.* at 726.  As the Court explained:

> Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial.  And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

*Id.* at 725; *see also Collins*, 2013-Ohio-938, at ¶ 8.

**{¶12}** A presumption of vindictiveness does not, however, apply "'in every case where a convicted defendant receives a higher sentence.'" *Alabama v. Smith*, 490 U.S. 794, 799, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989), quoting *Texas v. McCullough*, 475 U.S. 134, 138, 106 S.Ct. 976, 89 L.Ed.2d 104 (1986). It is only a "narrow band of cases in which vindictiveness is presumed." *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, 80 N.E.3d 431, ¶ 15. Cases subsequent to *Pearce* have made it clear that a presumption of vindictiveness arises only when circumstances establish a "reasonable likelihood" that an increased sentence is the product of vindictiveness. *See, e.g., Smith* at 799. "Where there is no such reasonable likelihood, the burden remains upon the defendant to prove actual vindictiveness." *Id.*, citing *Wasman v. United States*, 468 U.S. 559, 569, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984). "'Actual vindictiveness' implies an animus against a defendant because he exercised his right of appeal that resulted in the reversal of the prior conviction due to an error by the sentencing judge." *Collins*, 2013-Ohio-938, at ¶ 10, citing *State v. Boyd*, 6th Dist. Lucas No. L-07-1095, 2009-Ohio-3803, ¶ 15.

**{¶13}** Where a presumption of vindictiveness arises, it can be rebutted, and a longer sentence permitted on remand, if objective, nonvindictive reasons for the longer sentence appear on the record. *See, e.g., State v. Price*, 8th Dist. No. 103023, 2016-Ohio-591, ¶ 19; *see also State v. Houston*, 8th Dist. Cuyahoga Nos. 103252 and 103254, 2016-Ohio-3319, ¶ 12 ("Generally, when a court imposes harsher penalties on a criminal defendant after successful appeal, a presumption of vindictiveness arises, 'which

the court [is] required to rebut by affirmative findings regarding conduct or events discovered since the prior sentencing.'"), quoting *State v. Bradley*, 2d Dist. Champaign No. 06CA31, 2008-Ohio-720, ¶ 7; *Pearce* at 726 ("In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. * * * And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."); *State v. Mitchell*, 6th Dist. Erie No. E-11-039, 2012-Ohio-1992, ¶ 9 ("[A] presumption of vindictiveness arises only in circumstances in which an *unexplained* increase makes it reasonably likely that the second sentence resulted from 'actual vindictiveness'"; presumption rebutted if "second sentencer provides an on-the-record, wholly logical, nonvindictive reason for the sentence."). A trial judge may be justified in imposing a harsher sentence on remand — and the presumption of vindictiveness rebutted — where, for example, new information becomes available after the original sentencing that supports the imposition of a harsher sentence. *See, e.g., Houston* at ¶ 12 ("To overcome the presumption of vindictiveness, the court must be able to point to events that have transpired in the interim that "'throw new light upon the defendant's life, health, habits, conduct, and mental and moral propensities.'""), quoting

*Bradley* at ¶ 7, quoting *Wasman v. United States*, 468 U.S. 559, 570-571, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984).

{¶14} In this case, based on the record before us, we are constrained to find that a presumption of vindictiveness applies. The circumstances of this case, as they appear from the record, establish a "reasonable likelihood" that Thomas' increased sentence was the product of vindictiveness. Under the sentencing law pursuant to which Thomas was originally, erroneously sentenced, the rape and kidnapping charges at issue were each punishable by an indefinite prison sentence of 5, 6, 7, 8, 9 or 10 to 25 years. The trial court sentenced Thomas to nonmaximum sentences of 8-25 years on each of the rape and kidnapping charges. Under H.B. 86 — the sentencing law under which Thomas was required to be sentenced on remand — the rape and kidnapping charges at issue were each punishable by a definite prison term of 3, 4, 5, 6, 7, 8, 9, 10 or 11 years. On remand, the trial court sentenced Thomas to maximum sentences of 11 years on the rape and kidnapping charges — sentences that were three years longer. That Thomas was not sentenced to maximum sentences at the original sentencing hearing suggests that the trial court found some mitigating factors that warranted lesser-than-maximum sentences. Indeed, Thomas argues that the record could not support the imposition of maximum sentences in this case because (1) Thomas had "no convictions" prior to the incident at issue and (2) although he had several subsequent convictions, including convictions for grand theft auto, gross sexual imposition and corruption of a minor (as a result of which

he was a deemed a habitual sex offender), he committed no violent offenses after his release from prison in 2002.[3]

{¶15} The trial court did not explain why it imposed maximum sentences on remand, given that it did not impose maximum sentences originally.   There is nothing in the record to suggest that there was any new information available to the trial court on remand or that the defendant engaged in any conduct after the time of the original sentencing that would support the imposition of stiffer sentences; to the contrary, the state does not dispute Thomas' claim that he has been a "model prisoner" during the three years he has already served in prison in this case.   The only explanation the trial court provided for the sentences imposed on remand was as follows:

> And so considering all the relevant seriousness and recidivism factors and ensuring that the public is protected from future crime and that the defendant is punished, I find that he's not amenable to community-control sanctions so I am going to impose a prison sentence.

{¶16} Because no objective, nonvindictive reasons for the harsher sentences appear on the record, the presumption of vindictiveness remains.   Thomas' second assignment of error is sustained.   Thomas' sentences are vacated and the matter remanded for resentencing.   *See Houston*, 2016-Ohio-3319, at ¶ 17.

{¶17} Given our disposition of Thomas' second assignment of error, his first assignment of error is moot.

---

[3]Although Thomas asserts that he "has not committed an offense in twenty years," the PSI reflects that, in addition to a handful of traffic violations, he pled no contest to, and was found guilty of, a charge of falsification in the Bedford Municipal Court in 2004 and was found guilty of disorderly conduct in the Parma Municipal Court in 2011.

**{¶18}** Judgment reversed; remanded.

It is ordered that appellant recover from appellee the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER,   JUDGE

KATHLEEN ANN KEOUGH, A.J., and
MARY EILEEN KILBANE, J., CONCUR