[Cite as *de Bourbon v. State Med. Bd. of Ohio*, 2017-Ohio-5526.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Ernest B. de Bourbon, III, M.D., | : | |
| Appellant-Appellant, | : | |
| | : | No. 16AP-669 |
| v. | : | (C.P.C. No. 16CVF08-7190) |
| State Medical Board of Ohio, | : | (REGULAR CALENDAR) |
| Appellee-Appellee. | : | |

D E C I S I O N

Rendered on June 27, 2017

**On brief:** *Graff & McGovern*, and *James M. McGovern*, for appellant. **Argued:** *James M. McGovern*.

**On brief:** *Michael DeWine*, Attorney General, and *Kyle C. Wilcox*, for appellee. **Argued:** *Kyle C. Wilcox*.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Appellant, Dr. Ernest de Bourbon, III, M.D., appeals from a decision of the Franklin County Court of Common Pleas denying his motion to stay an order of the appellee, State Medical Board of Ohio ("the Board"). For the following reasons, we affirm that decision.

I. **Factual and Procedural Background**

{¶ 2} Appellant has been licensed to practice medicine in Ohio since 1997. In 2004, he entered the field of cosmetic medicine, performing vein procedures and other cosmetic procedures such as Botox and liposuction. On January 14, 2015, the Board sent appellant a letter in which it notified him of the Board's intent to determine whether it

should sanction his certificate to practice medicine. The letter outlined specific acts, conduct, and/or omissions that the Board alleged constituted a departure from or the failure to conform to minimal standards of care as that term is defined in R.C. 4731.22(B)(6). The letter also alleged that appellant's acts, conduct, and/or omissions violated Ohio Adm.Code 4731-25-05(B), which regulates the performance of liposuction procedures in an office setting. The letter's allegations concerned procedures appellant performed on two patients in 2007 and 2011. The letter notified appellant that he could request a hearing in the matter. Appellant requested a hearing.

{¶ 3} After that hearing, the hearing examiner issued a report and recommendation. After a thorough examination of the underlying facts and the expert testimony each side presented regarding whether appellant satisfied the minimal standard of care in his treatment of the two patients, the hearing examiner concluded that appellant departed from or failed to conform to the minimal standards of care as set forth in R.C. 4731.22(B)(6) and also violated Ohio Adm.Code 4731-25-05(B). As a result, the hearing examiner recommended the suspension of appellant's medical license for a minimum of 180 days. The hearing examiner also recommended a permanent limitation on appellant's license to prevent him from performing liposuction procedures, the successful completion of a medical recordkeeping course, and a three-year period of probationary monitoring.

{¶ 4} Appellant objected to the hearing examiner's report and recommendation and appeared before the Board to argue those objections. The Board ultimately chose to suspend appellant's medical license indefinitely but for not less than one year. The Board also imposed a permanent limitation on appellant's license to prevent him from performing liposuction procedures, a requirement that he successfully complete a medical recordkeeping course, and a one-year period of probationary monitoring.

{¶ 5} Appellant appealed the Board's decision to the trial court and also filed a motion to stay the board's order pending the appeal. Appellant argued that he would suffer an unusual hardship if the order was not stayed pending his appeal. The trial court denied the motion, concluding that appellant failed to show that he would suffer an unusual hardship if the order was not stayed.

## II. Appellant's Appeal

{¶ 6} Appellant appeals from the trial court's denial of his motion to stay and assigns the following error:

> The Court of Common Pleas, Franklin County, Ohio, abused its discretion by denying Dr. De Bourbon's Motion for Stay of the Medical Board Adjudication Order pending appeal.

### A. Standard of Review

{¶ 7} Pursuant to R.C. 119.12(E), the filing of an appeal to the common pleas court does not automatically operate as a stay of the administrative order. In an appeal from an order of the Board, the court may stay an administrative order "if it appears to the court that an unusual hardship to the appellant will result from the execution of the agency's order pending determination of the appeal and the health, safety, and welfare of the public will not be threatened by suspension of the order." *Id.* On appeal, this court reviews the trial court's decision on a motion to stay for an abuse of discretion. *Bob Krihwan Pontiac-GMC Truck, Inc. v. GMC*, 141 Ohio App.3d 777 (10th Dist.2001); *Prince-Paul v. Ohio Bd. of Nursing*, 10th Dist. No. 15AP-62, 2015-Ohio-3984, ¶ 12. In this context, an abuse of discretion occurs when a trial court acts in an unreasonable, arbitrary, or unconscionable manner. *Id.*

### B. Did Appellant Demonstrate an Unusual Hardship?

{¶ 8} Appellant argues that the trial court abused its discretion by denying his motion for stay because of its erroneous holdings that he failed to demonstrate a substantial likelihood of success on the merits and that he failed to show that he would suffer an unusual or irreparable injury. We disagree.

{¶ 9} Because it is dispositive, we first address the trial court's conclusion that appellant failed to demonstrate he would suffer an unusual hardship. As this court noted in *Prince-Paul*, "[t]hough the term 'unusual hardship' is not defined in R.C. 119.12, * * * federal courts applying the concept of 'undue hardship' in determining whether a stay is appropriate in bankruptcy proceedings have defined the term as being 'more than mere unpleasantness or "garden-variety" difficulty.' " In such cases, proof of an undue hardship "usually requires some extraordinary circumstances." (Citations omitted.) *Id.* at ¶ 14. The trial court concluded that appellant's claims of economic hardships were assumed with

the loss or suspension of a license and, therefore, did not constitute an unusual hardship. We agree.

{¶ 10} Here, appellant argues that he will suffer unusual hardship if the Board's order is not stayed. Specifically, appellant argued in an affidavit filed with the trial court that he would suffer "disastrous financial loss," which would likely include the loss of his practice and his home and his ability to provide for his family.[1] The economic harms appellant predicts that will result from the Board's order do not rise to the level of extraordinary circumstances. They are unfortunate but predictable harms that would result whenever any physician has his or her license suspended for an extended period of time. Further, the reporting requirements that appellant must comply with absent a stay of the Board's order are also hardships that would seem to be customary and otherwise not out of the ordinary in a case such as this. Appellant has not demonstrated that the trial court abused its discretion by concluding that he would not suffer an unusual hardship in order to receive a stay of the Board's order pursuant to R.C. 119.12(E).[2] Accordingly, the trial court did not abuse its discretion by denying appellant's motion for a stay of the Board's order.[3]

## III. Conclusion

{¶ 11} Having concluded that the trial court did not abuse its discretion by finding that appellant did not demonstrate that he would suffer an unusual hardship from the execution of the agency's order pending determination of the appeal, we overrule

---

[1] We note that appellant also argued that he would suffer harm in the form of damage or destruction of his reputation among colleagues and the community as a whole, embarrassment and humiliation, and severe emotional distress as a result of the board's adjudication order. This court in *Prince-Paul* refused to consider the same harms in this context because they were all caused by the underlying behavior that led to the sanctions, not the Board's adjudication order. *Prince-Paul* at ¶ 17.

[2] In light of this finding, the trial court did not have to consider the second prong of R.C. 119.12(E), which concerns the safety of the public if a stay were granted.

[3] This court in *Prince-Paul* applied a four-factor test adopted in *Krihwan* that is used in federal courts to determine whether to stay an administrative order. *Prince-Paul* at ¶ 14-27. While those factors may be helpful in directing the trial court's analysis in these cases, as they appear to address the two concerns in R.C. 119.12(E) for a court to stay an order from the medical board, their express consideration is not required, because the ultimate questions to be answered in these cases are set forth in that statute: whether the appellant demonstrates an unusual hardship as a result of the Board's order and, if so, whether the health, safety, and welfare of the public will be threatened by suspension of the order.

appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

TYACK, P.J., and LUPER SCHUSTER, J., concur.

_____