[Cite as *Lots of Love, Inc. v. Ohio Dept. of Dev. Disabilities*, 2018-Ohio-371.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

LOTS OF LOVE, INC.

      Appellant

      v.

OHIO DEPARTMENT OF
DEVELOPMENTAL DISABILITIES

      Appellee

C.A. No.      28531

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV-2017-01-0363

DECISION AND JOURNAL ENTRY

Dated: January 31, 2018

TEODOSIO, Judge.

{¶1} Lots of Love, Inc. appeals the order of the Summit County Court of Common Pleas denying its motion for an order to suspend the Ohio Department of Disabilities' adjudication order revoking certifications to continue operations as a DODD provider. We affirm.

I.

{¶2} Lots of Love is a provider of services to individuals with developmental disabilities. In January 2017, the Ohio Department of Developmental Disabilities ("DODD") issued an adjudication order revoking Lots of Love's provider certifications, and on January 24, 2017, Lots of Love filed its appeal of that decision with the Summit County Court of Common Pleas, along with a motion to suspend the DODD adjudication order during the pendency of the administrative appeal. On February 13, 2017, the trial court denied the motion to suspend. Lots of Love now appeals, raising one assignment of error.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT ERRED IN ITS FEBRUARY 13, 2017[,] ORDER DENYING PLAINTIFF-APPELLANT'S MOTION TO STAY EXECUTION OF THE ADMINISTRATIVE ORDER ISSUED ON JANUARY 10, 2017[,] BY THE OHIO DEPARTMENT OF DEVELOPMENTAL DISABILITIES [].

{¶3} Lots of Love argues the trial court erred when it denied its motion to suspend the DODD adjudication order during the pendency of the administrative appeal, contending that the trial court abused its discretion in finding "that the effects of the administrative order as applied * * * would not constitute an unusual hardship." We disagree.

{¶4} R.C. 119.12 sets forth the procedures for the appeal of agency decisions to a court of common pleas. R.C. 119.12(E) provides:

> The filing of a notice of appeal shall not automatically operate as a suspension of the order of an agency. If it appears to the court that an unusual hardship to the appellant will result from the execution of the agency's order pending determination of the appeal, the court may grant a suspension and fix its terms.

"[T]he General Assembly has given trial courts broad discretion when making such determinations * * *." *Bob Krihwan Pontiac-GMC Truck, Inc. v. GMC*, 141 Ohio App.3d 777, 782 (10th Dist.2001) (emphasizing that if there is "an *unusual hardship* to the appellant * * * the court *may* grant a suspension and fix its terms" (Emphasis sic.)). *See also Hunter v. Civil Serv. Comm.*, 1st Dist. Hamilton No. C-800651, 1981 Ohio App. LEXIS 13852, *9-10 (Sept. 9, 1981) (stating that "the trial court may * * * stay the order of the agency appealed from" and that "such a determination is wholly within the sound discretion of the trial court" (Emphasis sic.)). "As such, when reviewing whether a trial court properly granted or denied a motion to stay an administrative order, the standard of review employed is an abuse of discretion." *Bob Krihwan* at 782. An abuse of discretion means more than an error of law or judgment; it implies that the

trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying the abuse of discretion standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶5} Lots of Love contends that it suffered "an unusual hardship" because the harm suffered was, in essence, the loss of its business, and that therefore the trial court should have suspended the DODD adjudication order for the pendency of the administrative appeal. This argument, even if accepted by this Court, does not provide grounds for reversal. R.C. 119.12(E) requires a finding of an unusual hardship before a trial court grants a suspension of the order of an agency; it does not require a trial court to grant a suspension upon a finding of unusual hardship. Thus, it is not a per se abuse of discretion for a trial court to deny a suspension of an agency order if there is an unusual hardship to the appellant; under the circumstances of an unusual hardship, R.C. 119.12(E) simply reserves to the discretion of the trial court the ability to stay an agency order. Such a decision is within the sound discretion of the trial court, and will not be reversed by this court absent an abuse of that discretion.

{¶6} In its order denying the motion to suspend, the trial court noted Lots of Love's argument that "revoking its certifications [would pose] an unusual hardship as it would be virtually impossible to regain clients and reopen as a certified provider if operations [were] discontinued for a period of time." The trial court found:

> While Appellant argues it would suffer unusual hardship, that hardship is financial in nature. Appellant has produced no evidence to establish that it would suffer irreparable harm. Further, given the citations that were issued against Appellant, arguably harm could come to others if a stay is granted.

Contrary to the assertion made by Lots of Love, the trial court did not make a finding that Lots of Love had not suffered an unusual hardship; rather, the court found that the hardship was financial

in nature and that no evidence had been produced to establish irreparable harm. The trial court is not mandated to suspend an agency order even if it makes a finding of unusual hardship. Other than the contention that the trial court erred by not finding an unusual hardship, Lots of Love has provided us with no theory as to how the trial court abused its discretion.

{¶7} We conclude the order of the trial court was not unreasonable, arbitrary, or unconscionable. The trial court did not abuse its discretion in denying the motion to suspend. Lots of Love's assignment of error is overruled.

### III.

{¶8} Lots of Love's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, P. J.
CONCURS.

CARR, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

KEVIN J. BREEN, Attorney at Law, for Appellant.

MICHAEL DEWINE, Attorney General, and ROGER F. CARROLL, Principal Assistant Attorney General, for Appellee.