[Cite as *Black v. Hicks*, 2018-Ohio-2289.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 105248**

---

**ARNOLD BLACK**

PLAINTIFF-APPELLEE

vs.

**DET. RANDY HICKS, ET AL.**

DEFENDANTS-APPELLANTS

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-826010

**BEFORE:** Celebrezze, J., Laster Mays, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** June 14, 2018

**ATTORNEY FOR APPELLANTS**

Willa M. Hemmons
Director of Law, East Cleveland
14340 Euclid Avenue
Cleveland, Ohio 44112

**ATTORNEYS FOR APPELLEE**

Robert F. DiCello
Mark A. DiCello
Justin Hawal
DiCello Levitt & Casey
7556 Mentor Avenue
Mentor, Ohio 44060

David E. Weisblatt
Jackson Lewis P.C.
Park Center Plaza I
6100 Oak Tree Boulevard, Suite 400
Independence, Ohio 44131

**Also Listed**

Randy Hicks, pro se
1020 Lonetree Court
Brunswick, Ohio 44212
ON RECONSIDERATION[1]

FRANK D. CELEBREZZE, JR., J.:

{¶1} Defendants-appellants, East Cleveland Police Officer Jonathan O'Leary, East Cleveland Police Chief Ralph Spotts, the city of East Cleveland, and John Does 1-10 (collectively "appellants"), bring the instant appeal challenging the jury's verdict in favor of plaintiff-appellee, Arnold Black ("Black"), on Black's claims for malicious prosecution, abuse of process, spoliation, battery, false imprisonment, supervisory liability, reckless/wanton/willful

---

[1] The original announcement of decision, *Black v. Hicks,* 8th Dist. Cuyahoga No. 105248, 2018-Ohio-680, released February 22, 2018, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

conduct pursuant to R.C. 2921.52, and civil conspiracy. Appellants further challenge the trial court's dismissal of their cross-claim against defendant-appellee, Randy Hicks, a former East Cleveland Police Detective ("Hicks"). Appellants argue that the trial court violated Civ.R. 39(A) and Loc.R. 21 by conducting an ex parte jury trial, their constitutional due process rights were violated when the trial court failed to provide them notice of the trial date, and that the trial court issued orders and conducted a jury trial during the pendency of appeals that were inconsistent with this court's and the Ohio Supreme Court's exercise of jurisdiction. After a thorough review of the record and law, this court reverses and remands for further proceedings consistent with this opinion.

### I. Factual and Procedural History

{¶2} The instant matter arose from an incident that occurred on April 28, 2012, during which Black alleged that appellants arrested him without probable cause and used excessive force in doing so. On April 28, 2014, Black filed a complaint against Hicks and appellants in which he asserted claims for malicious prosecution, abuse of process, spoliation, battery, false imprisonment, supervisory liability, reckless/wanton/willful conduct pursuant to R.C. 2921.52, and civil conspiracy.

{¶3} On May 6, 2014, appellants filed an answer and a cross-claim against Hicks, alleging that Hicks was not acting as an agent of the East Cleveland Police Department on April 28, 2012. On December 15, 2014, Hicks, acting pro se, filed an answer to Black's complaint and appellants' cross-claim.

{¶4} On October 1, 2015, the trial court set the matter for trial on April 11, 2016, at 9:00 a.m.

**{¶5}** On March 24, 2016, Black filed (1) a motion for default judgment or, in the alternative, a motion to preclude appellants from presenting evidence and witnesses at trial that were not disclosed during the exchange of discovery; (2) a motion in limine to exclude character evidence; (3) a motion in limine to exclude evidence regarding defendants' inability to satisfy a judgment; and (4) a motion in limine to exclude evidence in support of affirmative defenses.

**{¶6}** On April 4, 2016, the trial court cancelled the trial set for April 11, 2016. Trial was rescheduled for May 23, 2016.

**{¶7}** On April 19, 2016, the trial court issued an order requiring appellants to respond to Black's discovery requests on or before May 2, 2016. The trial court indicated that appellants' failure to respond to the discovery requests would result in sanctions, including the exclusion of the evidence and witnesses at trial that defendants failed to produce during discovery.

**{¶8}** On April 20, 2016, the trial court vacated its April 19, 2016 order and set a show cause hearing requiring appellants to show cause why they failed to respond to Black's discovery requests. The trial court's journal entry stated that appellants' failure to show cause would result in sanctions, including appellants being precluded from offering evidence, witnesses, and arguments at trial that they failed to produce during discovery.

**{¶9}** On May 6, 2016, appellants filed an appeal challenging the trial court's April 20, 2016 order. *Black v. Hicks*, 8th Dist. Cuyahoga No. 104453 ("*Black I*"). On May 10, 2016, this court dismissed the appeal for lack of a final appealable order.

**{¶10}** On May 9, 2016, the trial court denied Black's motion for default judgment. The trial court granted, however, Black's motion to preclude appellants from offering evidence and witnesses at trial that were not disclosed during discovery. The trial court concluded that appellants failed to respond to Black's requests for discovery, failed to respond to Black's motion

to exclude evidence, and failed to provide a reason or excuse for their failure to respond to discovery. On the same date, the trial court granted Black's motions in limine to exclude character evidence, evidence regarding appellants' inability to satisfy a judgment, and evidence in support of affirmative defenses; the trial court also granted Black's request to have admissions deemed admitted against Hicks.

{¶11} On May 10, 2016, appellants filed an appeal challenging the trial court's May 9, 2016 orders. *Black v. Hicks,* 8th Dist. Cuyahoga No. 104461 ("*Black II*"). On May 24, 2016, this court dismissed the appeal for lack of a final appealable order.

{¶12} On May 25, 2016, appellants filed a notice of appeal and a memorandum in support of jurisdiction in the Ohio Supreme Court challenging this court's dismissal in *Black II*. *Black v. Hicks,* Ohio Supreme Court Case No. 2016-0805 ("*Black III*"). Appellants assert that this appeal was perfected at approximately 9:36 a.m. The Ohio Supreme Court subsequently declined to accept jurisdiction of the appeal and denied Black's motion for sanctions against appellants on September 14, 2016.

{¶13} The case was set for trial on May 23 and May 24, 2016. On both dates, trial was continued. Despite the appeal pending in the Ohio Supreme Court, a jury trial commenced on May 25, 2016, at approximately 11:50 a.m. Neither appellants nor counsel appeared in court on May 23, 24, or 25.

{¶14} The jury trial concluded on May 31, 2016. The jury returned a verdict in favor of Black, which the trial court journalized on June 3, 2016. The trial court's judgment entry provides:

> Trial start date May 25, 2016, and end date May 31, 2016, before eight jurors and two alternate jurors. * * * The jury finds $10,000,000.00 (ten million dollars) in compensatory damages for [Black] against the following defendants arising out of

the following claims: (1) for [Black] against defendant Detective Randy Hicks and defendant Officer Jonathan O'Leary as to [Black's] first claim for violation of [Black's] federal civil rights; (2) for [Black] against defendant City of East Cleveland as to [Black's] second claim for municipal liability; (3) for [Black] against defendant Detective Randy Hicks and defendant Officer Jonathan O'Leary as to [Black's] third claim for false imprisonment/arrest; (4) for [Black] against defendant Detective Randy Hicks and defendant Officer Jonathan O'Leary as to [Black's] fourth claim for battery; joint and several liability as to Claims 1, 2, 3 and 4[;] (5) for [Black] against defendant Chief Spotts as to [Black's] fifth claim for supervisory liability; and (6) for [Black] against defendant Chief Spotts as to [Black's] sixth claim for spoilation.

Furthermore, the jury finds $12,000,000.00 (twelve million dollars) in punitive damages for [Black] as follows: (1) for [Black] against defendant Officer Jonathan O'Leary in the amount of 1,000,000.00 (one million dollars) as to [Black's] first claim for violation of [Black's] federal civil rights, as to [Black's] third claim of false imprisonment/arrest, and as to [Black's] fourth claim for battery; and, (2) for [Black] against defendant Chief Spotts in the amount of $11,000,000.00 (eleven million dollars) as to [Black's] fifth claim for supervisory liability and as to [Black's] sixth claim for [spoliation].

{¶15} On June 15, 2016, appellants filed an appeal challenging the trial court's judgment. *Black v. Hicks,* 8th Dist. Cuyahoga No. 104613 ("*Black IV*"). On November 8, 2016, this court dismissed the appeal for lack of a final appealable order, finding that judgment was not entered on all of Black's claims.

{¶16} On November 14, 2016, Black filed a notice of voluntary dismissal of Counts 7 (reckless/wanton/willful conduct pursuant to R.C. 2921.52) and 8 (civil conspiracy). On June 20, 2017, Black filed a notice of voluntary dismissal of Counts 7 and 8 of his complaint with prejudice. On June 29, 2017, the trial court issued a journal entry confirming that Black dismissed Counts 7 and 8 of his complaint. The trial court indicated that these counts were dismissed with prejudice.

{¶17} On December 12, 2016, appellants filed an appeal challenging the trial court's judgment. *Black v. Hicks,* 8th Dist. Cuyahoga No. 105248 ("*Black V*"). This court dismissed

the appeal, sua sponte, on March 21, 2017, due to appellants' failure to file an appellate brief. This court granted appellants' motion to reinstate the appeal on March 28, 2017.

{¶18} In the instant appeal, appellants assign four errors for review:

I. The lower court's conduct of an ex parte jury trial was in violation of Civ.R. 39(A) and Loc.R. 21.0.

II. The lower court's notices failed to provide reasonable, constructive, and/or actual notice that trial was [set] for May 25, 2016; [a]ccordingly, appellants' constitutional right to due process was violated.

III. The lower court's May [9], 2016, May 2[5], 2016 and J[uly] 7, 2016 orders must be vacated as such rulings, entered during the pendency of appeals, were not made in execution, and thus were inconsistent with the reviewing courts' exercise of jurisdiction.

IV. The lower court lacked authority to conduct the May 25, 2016 ex parte jury trial, as such trial proceeded during the pendency of appeal to the Ohio Supreme Court.

## II. Law and Analysis

### A. Trial Court's Jurisdiction

{¶19} We will address appellants' third assignment of error first, because it is dispositive of the appeal. In the third assignment of error, appellants argue that the trial court was without jurisdiction to issue the May 9, 2016 orders, commence a jury trial on May 25, 2016, and dismiss appellants' cross-claim on July 7, 2016. On the other hand, Black contends in his motion for reconsideration that the appeal that appellants filed in the Ohio Supreme Court did not divest the trial court of jurisdiction because (1) appellants did not file a motion for an immediate stay of this court's holding in *Black II* pursuant to S.Ct.Prac.R. 7.01(A)(3)(a), and (2) the Ohio Supreme Court declined to accept appellants' discretionary appeal. After reviewing the record, we agree with appellants.

**{¶20}** First, contrary to Black's assertion, appellants were not required to file a motion for an immediate stay of this court's holding in *Black II*. S.Ct.Prac.R. 7.01(A)(1)(a) provides,

> (i) To perfect a jurisdictional appeal from a court of appeals to the Supreme Court as defined by S.Ct.Prac.R. 5.02(A), the appellant shall file a notice of appeal in the Supreme Court within forty-five days from the entry of the judgment being appealed. * * *.
>
> (ii) Except as provided by S.Ct.Prac.R. 7.01(A)(3), the appellant shall also file a memorandum in support of jurisdiction, in accordance with S.Ct.Prac.R. 7.02, at the time the notice of appeal is filed.

**{¶21}** S.Ct.Prac.R. 7.01(A)(3)(a) provides,

> In a jurisdictional appeal, if the appellant seeks from the Supreme Court an immediate stay of the court of appeals' judgment that is being appealed, the appellant may file a notice of appeal in the Supreme Court *without an accompanying memorandum in support of jurisdiction*, provided both of the following conditions are satisfied:
>
> (i) A motion for stay of the court of appeals' judgment is filed with the notice of appeal;
>
> (ii) A date-stamped copy of the court of appeals' opinion and judgment entry being appealed is attached to the motion for stay.

(Emphasis added.)

**{¶22}** In this case, the record reflects that appellants perfected the jurisdictional appeal to the Ohio Supreme Court on May 25, 2016 — before the jury trial commenced. Appellants filed a notice of appeal and a memorandum in support of jurisdiction in the Ohio Supreme Court on May 25, 2016, challenging this court's dismissal in *Black II*. Pursuant to S.Ct.Prac.R. 7.01(A)(1)(a), by filing of the notice of appeal and memorandum in support of jurisdiction, appellants perfected the jurisdictional appeal from this court's judgment in *Black II*. Furthermore, because appellants filed an accompanying memorandum in support of jurisdiction

with the notice of appeal, appellants were not required to file a motion for a stay of this court's judgment pursuant to S.Ct.Prac.R. 7.01(A)(3)(a).

{¶23} Accordingly, appellants' failure to seek an immediate stay of this court's judgment in *Black II* or file a motion for stay of this court's judgment was inconsequential. The trial court was divested of jurisdiction when appellants perfected the jurisdictional appeal to the Ohio Supreme Court.

{¶24} Additionally, we find no merit to Black's argument that the trial court was not divested of jurisdiction because the Ohio Supreme Court had not accepted appellants' appeal at the time the jury trial commenced on May 25, 2016, and ultimately declined to accept appellants' appeal for review.

> It is well settled that "the filing of the notice of appeal divests the trial court of jurisdiction to proceed with the adjudication during the pendency of the appeal." *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, ¶ 16. With respect to the trial court's jurisdiction, *it is irrelevant that the appellate court later dismisses the action, after making the determination that the appeal was perfected from an order that was not a final appealable one. Id.* The determination as to "the appropriateness of an appeal lies solely with the appellate court[.]" *Id.*, quoting *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 10-11. Upon the filing of the appeal, the trial court is without jurisdiction to proceed on the merits of the remaining claims until the case is remanded by the appellate court. *Story v. Price-Story*, 8th Dist. Cuyahoga No. 94085, 2010-Ohio-4675, ¶ 7.

(Emphasis added.) *Sunshine L.P. v. C.A.S.T.L.E. High School, Inc.*, 8th Dist. Cuyahoga No. 104912, 2017-Ohio-1557, ¶ 4.

{¶25} "'[O]nce an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment.'" *Electronic Classroom of Tomorrow* at ¶ 13, quoting *State ex rel. Rock v. School Emps. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8. In other

words, once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. *State ex rel. Special Prosecutors v. Judges, Court of Common Pleas*, 55 Ohio St.2d 94, 97, 378 N.E.2d 162 (1978).

**{¶26}** In support of his argument that the trial court was not divested of jurisdiction when appellants filed its appeal, *Black III*, in the Ohio Supreme Court, Black directs this court, for the first time on reconsideration, to *Master v. Chalko*, 8th Dist. Cuyahoga No. 75973, 2000 Ohio App. LEXIS 2014 (May 11, 2000). In *Chalko*, this court determined that the mere filing of an appeal with the Ohio Supreme Court does not automatically stay the proceedings in the trial court. *Id*. at 18. This court held,

> a trial court is not precluded from exercising jurisdiction in a case where a notice of appeal is filed with the Supreme Court from a judgment of the court of appeals until such time as either a motion for immediate stay of the court of appeals' judgment is granted or when the Supreme Court decides to allow a discretionary appeal.

*Id*. at 17. This court went on to explain that S.Ct.Prac.R. II, Sec. 2(A)(3)(a)(ii)[2] sets forth a procedure under which an appellant can seek an immediate stay of an appellate court's judgment — by filing a motion for stay contemporaneously with the notice of appeal. *Id*.

**{¶27}** As an initial matter, we note that *Special Prosecutors* and its progeny, including *Electronic Classroom of Tomorrow* and *In re S.J.*, pertain to trial courts being divested of jurisdiction upon the filing of appeals in courts of appeals, rather than the filing of appeals in the Ohio Supreme Court. Nevertheless, we find that Black's reliance on *Chalko* is misplaced.

**{¶28}** In *State v. Washington*, 137 Ohio St.3d 427, 2013-Ohio-4982, 999 N.E.2d 661, the Ohio Supreme Court held that "'[a]n appeal is perfected upon the filing of a written notice of

---

[2] The rules were amended on September 29, 2017. The current version of this rule is set forth in S.Ct.Prac.R. 7.01(A)(3)(a).

appeal. R.C. 2505.04. Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal. [*Special Prosecutors*, 55 Ohio St.2d at 97, 378 N.E.2d 162.]'" *Washington* at ¶ 8, quoting *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, at ¶ 9. Accordingly, in *Washington*, the Ohio Supreme Court extended the *Special Prosecutors* rationale — that a trial court is divested of jurisdiction upon the filing of an appeal in a court of appeals — to appeals filed in the Ohio Supreme Court.

{¶29} This court applied the *Washington* rationale in *State v. Thomas*, 8th Dist. Cuyahoga No. 103406, 2016-Ohio-8326. There, after being sentenced in 2014, the defendant filed an appeal challenging the trial court's sentence. On February 5, 2015, this court vacated the trial court's sentence and remanded the matter for resentencing.[3] On March 23, 2015, the state filed an appeal in the Ohio Supreme Court challenging this court's decision, which the court accepted on September 16, 2015.[4] After the state filed its notice of appeal with the Ohio Supreme Court, the trial court resentenced the defendant on July 30, 2015. The defendant filed an appeal challenging the sentence imposed at resentencing in August 2015.

{¶30} On appeal, this court requested the parties to submit supplemental briefing on the issue of whether, pursuant to *Washington*, the trial court lacked jurisdiction to resentence the defendant after the state filed its notice of appeal in the Ohio Supreme Court. The state argued that the trial court had jurisdiction to resentence the defendant in July 2015 because the Ohio Supreme Court had not accepted the state's appeal. This court rejected the state's argument and explained that it was bound to follow *Washington* because it was "the most recent Supreme Court case to apply the rule regarding jurisdiction and the filing of a notice of appeal." *Thomas*

---

[3] *State v. Thomas*, 8th Dist. Cuyahoga No. 101202, 2015-Ohio-415.

[4] *State v. Thomas*, 148 Ohio St.3d 248, 2016-Ohio-5567, 70 N.E.3d 496.

at ¶ 13. Accordingly, this court held that after the state filed its notice of appeal in the Ohio Supreme Court in March 2015, the trial court did not have jurisdiction to resentence the defendant in July 2015. *Id.*; *see also Wells v. Park*, 9th Dist. Summit No. 27960, 2016-Ohio-5598 (the appellate court, in applying *Washington*, held that the trial court did not have jurisdiction to rule on motions determining child support arrearage in June 2015 because appellant filed a notice of appeal in the Ohio Supreme Court in February 2015 challenging a decision issued by the Ninth District).

**{¶31}** Based on the foregoing analysis, we find that *Chalko* was implicitly overruled by the Ohio Supreme Court in *Washington* and, thus, is no longer good law. Accordingly, we will proceed to consider appellants' arguments that the trial court was without jurisdiction to issue the May 9, 2016 orders, commence a jury trial on May 25, 2016, and dismiss appellants' cross-claim on July 7, 2016.

### 1. May 9, 2016 Orders

**{¶32}** In the instant matter, appellants first argue that the trial court was without jurisdiction to issue the May 9, 2016 orders because *Black I* was pending. On May 9, 2016, the trial court granted (1) Black's motion to preclude appellants from offering evidence and witnesses at trial that were not disclosed during discovery; (2) Black's motions in limine to exclude evidence in support of affirmative defenses, character evidence, and appellants' inability to satisfy a judgment; and (3) Black's motion to have admissions deemed admitted.

**{¶33}** Appellants filed a notice of appeal in *Black I* on May 6, 2016, challenging the trial court's April 20, 2016 judgment order, which provided, in relevant part:

> [Appellants] have failed to produce responses to the discovery that [Black] served upon them on 8-8-14 and 9-4-14. Failure to show cause as to why these responses were not served and why discovery was never propounded upon [Black]

shall result in sanctions as provided in Civil Rule 41(B) and 37(D) and will include precluding [appellants] from offering at trial evidence, witnesses, argument or comment regarding the evidence and witnesses they failed to so produce. A show cause hearing is scheduled for May 2, 2016 @ 10 am.

This court dismissed the appeal on May 10, 2016 for lack of a final appealable order.

**{¶34}** After reviewing the record, we find that the trial court lacked jurisdiction to issue the May 9, 2016 orders. When the trial court issued these orders, *Black I* was still pending. The May 9, 2016 orders were inconsistent with this court's jurisdiction to reverse, modify, or affirm the trial court's April 20, 2016 judgment that appellants appealed to this court.

**{¶35}** "An adjudication entered by a court without jurisdiction is a nullity and is void." *Story*, 8th Dist. Cuyahoga No. 94085, 2010-Ohio-4675, at ¶ 7, citing *Fifth St. Realty Co. v. Clawson*, 9th Dist. Lorain No. 94CA005996, 1995 Ohio App. LEXIS 2565 (June 14, 1995); *Lambda Research v. Jacobs*, 170 Ohio App.3d 750, 2007-Ohio-309, 869 N.E.2d 39, ¶ 22 (1st Dist.). Accordingly, the trial court's May 9, 2016 orders are void.

### 2. Jury Trial

**{¶36}** Appellants further contend that the trial court was without jurisdiction to commence a jury trial on May 25, 2016, because appellants had perfected an appeal to the Ohio Supreme Court.

**{¶37}** Appellants filed a notice of appeal in *Black II* on May 10, 2016, challenging the trial court's aforementioned May 9, 2016 orders granting Black's motions in limine, to have matters admitted, and to preclude appellants from offering evidence that was not produced during discovery. On May 24, 2016, this court dismissed *Black II* for lack of a final appealable order.

**{¶38}** On May 25, 2016, appellants filed an appeal in the Ohio Supreme Court challenging this court's dismissal of *Black II* for lack of a final appealable order. *Black III*.

Although we are unable to determine the exact time that appellants' notice of appeal was filed, appellants assert that they filed the notice of appeal at approximately 9:36 a.m.

**{¶39}** We are also unable to determine the exact time that the trial court commenced the jury trial. Appellants assert that the jury trial commenced at approximately 11:50 a.m., after the notice of appeal was filed in the Ohio Supreme Court. Black offers no evidence to the contrary.

**{¶40}** After reviewing the record, we find that the filing of the notice of appeal with the Ohio Supreme Court divested the trial court of jurisdiction to proceed on the merits of Black's claims. Before the trial commenced, the appeal in the Ohio Supreme Court had already been filed, and was still pending. The trial court's commencement of the jury trial was inconsistent with the Ohio Supreme Court's jurisdiction to reverse, modify, or affirm this court's May 24, 2016 dismissal of *Black II* for lack of a final appealable order that appellants appealed.

**{¶41}** We further find that the jury's May 31, 2016 verdict, and the trial court's June 3, 2016 order journalizing the verdict, are also void. The appeal in the Ohio Supreme Court was pending from May 25, 2016 until September 14, 2016, when the court declined to accept jurisdiction of the appeal.

### 3. July 7, 2016 Order

**{¶42}** Finally, appellants argue that the trial court was without jurisdiction to issue the July 7, 2016 order dismissing appellants' cross-claim.

**{¶43}** On May 3, 2016, Hicks filed a motion to dismiss appellants' cross-claim pursuant to Civ.R. 41(B) and (C) for failure to prosecute. Therein, Hicks argued that he was unable to defend against the cross-claim based on appellants' failure to provide discovery to him and Black. Specifically, Hicks asserted that appellants failed to produce police reports, detective

reports, and dash camera footage.  On July 7, 2016, the trial court granted Hicks's motion to dismiss appellants' cross-claim.

**{¶44}** As noted above, appellants' appeal to the Ohio Supreme Court was pending from May 25, 2016 to September 14, 2016.  When the trial court granted Hicks's motion to dismiss the cross-claim, the Ohio Supreme Court appeal was still pending.  Because Hicks's motion to dismiss was premised on appellants' failure to provide discovery to Hicks and Black, the trial court's order granting Hicks's motion to dismiss the cross claim was inconsistent with the Ohio Supreme Court's jurisdiction to reverse, modify, or affirm this court's May 24, 2016 dismissal of *Black II* for lack of a final appealable order that appellants appealed.  Accordingly, the trial court's July 7, 2016 order is void.

**{¶45}** Black maintains that appellants' May 6, 2016 and May 10, 2016 appeals to this court, and appellants' May 25, 2016 appeal to the Ohio Supreme Court did not divest the trial court of jurisdiction because appellants knew that the orders from which they appealed were not final appealable orders.  Black further contends that appellants filed the appeals for the sole purpose of delaying the trial court proceedings.

**{¶46}** After reviewing the record, we find that appellants engaged in questionable conduct throughout the trial court proceedings.  Appellants failed to respond to Black's and Hicks's discovery requests, failed to produce evidence requested by Black and Hicks, and failed to appear for trial on multiple occasions.  Most importantly, there is no evidence in the record that appellants informed the trial court on May 25, 2016, that they had filed an appeal in the Ohio Supreme Court before the jury trial commenced.

**{¶47}** The record reflects that the May 25, 2016 notice of appeal in *Black III* was sent by ordinary U.S. mail to Black's counsel.  The Ohio Supreme Court docket indicates that a copy of

the notice of appeal in *Black III* was sent to this court's clerk of courts on May 26, 2016. This notice of appeal is reflected on this court's docket in *Black II* on May 31, 2016. The notice of appeal to the Ohio Supreme Court is not, however, reflected on the trial court's docket. Had appellants made the trial court aware of the appeal to the Ohio Supreme Court, we presume that the trial court would not have commenced the jury trial, which lasted five days.

**{¶48}** If a party files an appeal for improper purposes, such as delaying the final resolution of the case, or files a frivolous appeal, the party may be subject to sanctions and/or disciplinary action. *See, e.g.*, App.R. 23 ("[i]f a court of appeals shall determine that an appeal is frivolous, it may require the appellant to pay reasonable expenses of the appellee including attorney fees and costs.").

**{¶49}** Nevertheless, even if appellants' appeals were frivolous or filed for improper purposes, when appellants perfected the appeals to this court and the Ohio Supreme Court, the trial court was required to stay the proceedings, except to take action in aid of the appeals, until the resolution of the appeals. We must emphasize that this unfortunate waste of judicial time and resources could have been avoided had appellants appeared in court on May 25, 2016, or informed the trial court or Black's counsel that the appeal to the Ohio Supreme Court had been perfected.

**{¶50}** For all of the foregoing reasons, appellants' third assignment of error is sustained.

### III. Conclusion

**{¶51}** The trial court was divested of jurisdiction to issue the May 9, 2016 orders because *Black I* was pending in this court. The trial court was divested of jurisdiction to commence a jury trial on Black's claims, to journalize the jury's verdict, and to issue the July 7, 2016 order

dismissing appellants' cross-claim because *Black III* was pending in the Ohio Supreme Court. Accordingly, these orders and the jury's verdict are void and must be vacated.

{¶52} This case essentially remains at the state of the proceeding as it existed on May 10, 2016, when this court dismissed *Black I* for lack of a final appealable order. *See Sunshine L.P.*, 8th Dist. Cuyahoga No. 104912, 2017-Ohio-1557, at ¶ 7. Based on our resolution of appellants' third assignment of error, appellants' first, second, and fourth assignments of error are rendered moot.

{¶53} Judgment reversed and remanded for further proceedings.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., JUDGE

ANITA LASTER MAYS, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR