[Cite as *Khemsara v. Ohio Veterinary Med. Licensing Bd.*, 2022-Ohio-833.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

BHARAT K. KHEMSARA, DVM,  :

    Plaintiff-Appellant,  :  No. 110945

    v.  :

OHIO VETERINARY MEDICAL  :
LICENSING BOARD,

    Defendant-Appellee.  :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 17, 2022

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-21-953348

---

### *Appearances:*

Kubyn & Gaster and R. Russell Kubyn, *for appellant.*

David Yost, Ohio Attorney General, and Lydia Arko Zigler,
Senior Assistant Attorney General, *for appellee.*

EILEEN A. GALLAGHER, J.:

{¶ 1} On September 9, 2021, appellee, the Ohio Veterinary Medical Licensing Board (the "Board"), issued an adjudication order revoking the veterinary license of appellant Bharat Khemsara. Khemsara filed an administrative appeal with the Cuyahoga County Court of Common Pleas and moved to stay the revocation

of his veterinary license while the appeal was pending. That motion was denied by the trial court. In this accelerated appeal, Khemsara appeals the denial of his motion for stay. Khemsara argues that the common pleas court abused its discretion in denying his motion for stay because he established that he would suffer unusual hardship and significant, irreparable harm if his veterinary license was revoked pending the determination of the appeal and that he was likely to prevail on appeal. For the reasons that follow, we affirm.

**Procedural and Factual Background**

{¶ 2} As set forth in R.C. Chapter 4741, the Ohio Veterinary Medical Licensing Board (the "Board") is charged with regulating the practice of veterinary medicine in Ohio. It has the authority to initiate disciplinary action against a licensee who violates the provisions of R.C. 4741.22(A), including the rules of the Board and professional standards governing the proper methods to be used in the care and treatment of animals. R.C. 4741.22(A)(1).

{¶ 3} On April 20, 2021, the Board issued a Notice of Opportunity for Hearing to Khemsara (the "notice"). The notice charged Khemsara with violations of R.C. 4741.22(A)(1) and Ohio Adm.Code 4741-1-10 for providing veterinary medical care that fell below the minimum standard of care and resulted in the death of a cat owned by Barbara Petras. The notice also indicated that this was the seventh disciplinary case before the Board in which Khemsara was being cited for standard of care and/or medical records violations.

{¶ 4} An administrative hearing was held on September 8, 2021. After considering the evidence presented at the hearing, the Board determined that the charges had been proven and voted to revoke Khemsara's license to practice veterinary medicine for the following reasons:

1.  The [B]oard found that Dr. Khemsara provided inappropriate medical therapy in face of the differential diagnosis and the poor prognosis which contributed to the demise of the cat.

2.  The Board also took into consideration the multitude of previous violations and disciplinary action against Dr. Khemsara.

{¶ 5} On September 9, 2021, the Board issued an adjudication order revoking Khemsara's veterinary license (the "adjudication order"). Khemsara filed an administrative appeal with the common pleas court and an "emergency ex parte motion for stay of administrative decision and adjudication order pending appeal without bond" pursuant to R.C. 119.12 (the "motion for stay"). In his motion for stay, Khemsara requested that the court enter an "immediate order" reinstating his veterinary license while the appeal was pending because (1) he would suffer unusual hardship and "significant, irreparable harm" if his license was revoked while the appeal was pending, (2) he would have "no adequate remedy," if he was successful on appeal, because he would "have already lost [his] business, customers, and reputation" and (3) the harm to Khemsara as a result of the revocation of his license "far and greatly exceeds any alleged harm" to the Board "in continuing the revocation of the subject license." Khemsara further argued that he should be granted a stay without posting a supersedeas bond because the Board has "no

monetary judgment or claim" and "does not have an interest that needs to be secured by a bond pending the appeal." Khemsara supported his motion with an affidavit. The Board filed an opposition to the motion for stay.

{¶ 6} On September 30, 2021, the common pleas court denied Khemsara's motion for stay. The court held that Khemsara had "failed to show that he would suffer unusual hardship as a result of the agency's order pending determination of the appeal." The court further found:

> Appellant also failed to demonstrate the following factors to be considered by this court: a strong or substantial likelihood of success on the merits, whether the appellant has shown that he will suffer irreparable injury, whether the issuance of a stay will cause harm to others, and whether the public interest would be served by granting a stay. *Bob Krihwan Pontiac -GMC Truck, Inc. v. General Motors Corp.*, 141 Ohio App.3d 777, 783, 753 N.E.2d 864 (10th Dist.2001).

{¶ 7} On October 12, 2021, Khemsara filed a "motion for reconsideration of denial of motion for stay of administrative decision." In his motion for reconsideration, Khemsara included citations to the transcript of the administrative hearing and argued that the transcript established that (1) Khemsara would suffer an unusual hardship if the Board's revocation of his veterinary license was not stayed pending appeal and (2) he was likely to succeed in his appeal of the Board's adjudication order. Once again, the Board filed an opposition.

{¶ 8} On October 18, 2021, Khemsara appealed the common plea court's September 30, 2021 order denying his motion for stay. Later that day, the common pleas court issued an order denying Khemsara's motion for reconsideration.

**{¶ 9}** In this appeal, Khemsara raises the following assignment of error for review:

> The lower appellate court erred and abused its discretion by denying the Appellant's Emergency Ex Parte Motion for Stay of Administrative Decision and Adjudication Order Pending Appeal without Bond and Motion for Reconsideration thereof, as such denial was unconstitutional, arbitrary, unreasonable and unsupported by the preponderance of substantial, reliable, and probative evidence.

**Law and Analysis**

**{¶ 10}** As an initial matter, we note that although Khemsara references both the common pleas court's September 30, 2021 order denying his motion for stay and its October 18, 2021 order denying his motion for reconsideration in his assignment of error, only the common pleas court's September 30, 2021 order denying his motion for stay is properly before us.

**{¶ 11}** In his notice of appeal, filed before the court issued a ruling on his motion for reconsideration, Khemsara referenced only the common pleas court's September 30, 2021 order denying his motion for stay.[1] Accordingly, this appeal is

---

[1] Khemsara did not separately appeal the October 18, 2021 order denying his motion for reconsideration and made no attempt to amend his previously filed notice of appeal to include the October 18, 2021 order denying his motion for reconsideration. However, we note that Khemsara's notice of appeal, appealing the common pleas court's September 30, 2021 order was filed at 12:13 p.m. on October 18, 2021. The common pleas court's order denying Khemsara's motion for reconsideration was journalized at 2:00 p.m. on October 18, 2021.

As a general matter, ""'once an appeal is perfected, the trial court is divested of jurisdiction over matters that are inconsistent with the reviewing court's jurisdiction to reverse, modify, or affirm the judgment.'" * * * In other words, once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal." *Black v. Hicks*, 2018-Ohio-2289, 114 N.E.3d 365, ¶ 25 (8th Dist.), quoting *State ex rel. Electronic Classroom of Tomorrow v. Cuyahoga Cty. Court of Common Pleas*, 129 Ohio

limited to a review of the common pleas court's September 30, 2021 order denying Khemsara's motion for stay.

{¶ 12} The filing of an administrative appeal does not automatically entitle a party to a stay pending judicial review. R.C. 119.12(E) addresses the circumstances in which a court may stay an agency order pending appeal. It provides, in relevant part:

> The filing of a notice of appeal shall not automatically operate as a suspension of the order of an agency. If it appears to the court that an unusual hardship to the appellant will result from the execution of the agency's order pending determination of the appeal, the court may grant a suspension and fix its terms. * * * In the case of an appeal from the Ohio casino control commission, the state medical board, or the state chiropractic board, the court may grant a suspension and fix its terms if it appears to the court that an unusual hardship to the appellant will result from the execution of the agency's order pending determination of the appeal and the health, safety, and welfare of the public will not be threatened by suspension of the order. This provision shall not be construed to limit the factors the court may consider in determining whether to suspend an order of any other agency pending determination of an appeal.

{¶ 13} "Unusual hardship" is not defined in R.C. 119.12(E). However, giving the terms their plain and ordinary meanings, "unusual" means "not usual," "uncommon" or "rare," *Merriam-Webster's Online Dictionary*, available at

---

St.3d 30, 2011-Ohio-626, 950 N.E.2d 149, ¶ 13, quoting *State ex rel. Rock v. School Emps. Retirement Bd.*, 96 Ohio St.3d 206, 2002-Ohio-3957, 772 N.E.2d 1197, ¶ 8; *see also State ex rel. Bohlen v. Halliday*, 164 Ohio St.3d 121, 2021-Ohio-194, 172 N.E.3d 114, ¶ 25 (With respect to "interlocutory appeals of final orders as well as to final judgments," "the timely filing of a notice of appeal generally precludes a trial court from taking further action on claims that are affected by the appeal."). An order issued without jurisdiction is void and a nullity. *See, e.g., In re G.C.,* 8th Dist. Cuyahoga No. 109969, 2021-Ohio-2442, ¶ 10; *Black* at ¶ 35; *Ormandy v. Dudzinski*, 9th Dist. Lorain No. 09CA009713, 2010-Ohio-2017, ¶ 11.

https://www.merriam-webster.com/dictionary/unusual (accessed Jan. 26, 2022), and "hardship" means "suffering" or "privation" or "something that causes or entails suffering or privation," *Merriam-Webster's Online Dictionary*, available at https://www.merriam-webster.com/dictionary/hardship (accessed Jan. 26, 2022). Given that R.C. 119.12(E) requires a showing of *unusual* hardship, courts that have considered the issue have generally required a showing of some kind of "extraordinary" harm resulting from operation of an administrative order pending determination of the appeal. *See, e.g., Prince-Paul v. Ohio Bd. of Nursing*, 2015-Ohio-3984, 43 N.E.3d 13, ¶ 14 (10th Dist.) (likening "unusual hardship" under R.C. 119.12(E) to the "extraordinary circumstances" required to establish "undue hardship" in determining whether a stay is appropriate in federal bankruptcy proceedings); *see also de Bourbon v. State Med. Bd. of Ohio*, 10th Dist. Franklin No. 16AP-669, 2017-Ohio-5526, ¶ 9-10 (appellant's contention in affidavit that he would suffer "disastrous financial loss," including the likely loss of his practice, his home and his ability to provide for his family, if the court did not grant a stay of the suspension of his medical license pending the determination of his appeal, did "not rise to the level of extraordinary circumstances" required to establish unusual hardship under R.C. 119.112(E) because "[t]hey are unfortunate but predictable harms that would result whenever any physician has his or her license suspended for an extended period of time").

{¶ 14} Moreover, even if an appellant establishes that he or she would suffer unusual hardship, the common pleas court is not compelled to grant a motion for

stay. *See* R.C. 119(E) ("If it appears to the court that an unusual hardship to the appellant will result from the execution of the agency's order pending determination of the appeal, the court *may* grant a suspension and fix its terms.") (Emphasis added.); *see also Lots of Love, Inc. v. Ohio Dept. of Dev. Disabilities*, 9th Dist. Summit No. 28531, 2018-Ohio-371, ¶ 5 ("R.C. 119.12(E) requires a finding of an unusual hardship before a trial court grants a suspension of the order of an agency; it does not require a trial court to grant a suspension upon a finding of unusual hardship. Thus, it is not a per se abuse of discretion for a trial court to deny a suspension of an agency order if there is an unusual hardship to the appellant; under the circumstances of an unusual hardship, R.C. 119.12(E) simply reserves to the discretion of the trial court the ability to stay an agency order. * * * The trial court is not mandated to suspend an agency order even if it makes a finding of unusual hardship.").

{¶ 15} Thus, R.C. 119.12(E) grants "broad discretion" to a common pleas court when deciding whether to suspend an administrative order pending determination of an appeal following a showing of unusual hardship. *See, e.g., Bob Krihwan*, 141 Ohio App.3d at 782, 753 N.E.2d 864; *Hunter v. Civ. Serv. Comm.*, 1st Dist. Hamilton No. C-800651, 1981 Ohio App. LEXIS 13852, 9-10 (Sept. 9, 1981) (noting that under R.C. 119.12(E), "the trial court <u>may</u> * * * stay the order of the agency appealed from" and that "such a determination is wholly within the sound discretion of the trial court"). (Emphasis sic.) As such, we will not reverse a common pleas court's decision on a motion to stay under R.C. 119.112(E) absent an

abuse of discretion. *See, e.g., Lots of Love* at ¶ 4; *de Bourbon* 2017-Ohio-5526, at ¶ 7; *Bob Krihwan* at 782.

{¶ 16} A court abuses its discretion where its decision is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Abuse of discretion is "a very high standard." *Supportive Solutions Training Academy, L.L.C., v. Electronic Classroom of Tomorrow*, 8th Dist. Cuyahoga Nos. 95022 and 95287, 2013-Ohio-3910, ¶ 11. As the Ohio Supreme Court explained in *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 482 N.E.2d 1248 (1985):

> "An abuse of discretion involves far more than a difference in * * * opinion * * *. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations. In order to have an 'abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but perversity of will, not the exercise of judgment but the defiance thereof, not the exercise of reason but rather of passion or bias."

*Id.* at 87, quoting *State v. Jenkins*, 15 Ohio St.3d 164, 222, 473 N.E.2d 264 (1984).

{¶ 17} A decision is unreasonable when "no sound reasoning process" supports that decision. *AAAA Ents. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597 (1990). An abuse of discretion also occurs when a court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, 892 N.E.2d 454, ¶ 15 (8th Dist.). In determining whether an abuse of discretion occurred, we cannot

substitute our judgment for that of the common pleas court. *See, e.g., Victor v. Kaplan*, 8th Dist. Cuyahoga No. 110091, 2021-Ohio-2840, ¶ 10, citing *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621, 614 N.E.2d 748 (1993).

{¶ 18} Following a careful review of the record in this case, we find that Khemsara has not shown that the common pleas court abused its discretion in denying Khemsara's motion for stay.

{¶ 19} Although R.C. 119.12(E) requires a showing of "unusual hardship" before a court may grant a stay under that provision, it does not limit the other factors a court may consider in determining whether to suspend an administrative order pending determination of an appeal. The Tenth District has identified four "logical considerations" for courts to consider when exercising their discretion under R.C. 119.12(E) and determining whether to stay an administrative order pending appeal: (1) whether the appellant has shown a strong or substantial likelihood or probability of success on the merits; (2) whether the appellant has shown that he or she will suffer irreparable injury; (3) whether the issuance of a stay will cause harm to others and (4) whether the public interest would be served by granting a stay. *See, e.g., Bob Krihwan*, 141 Ohio App.3d at 783, 753 N.E.2d 864; *Prince-Paul*, 2015-Ohio-3984, 43 N.E.3d 13, at ¶ 13 (noting that these factors "are not prerequisites that must be met" in determining whether a stay is appropriate, but rather, are "interrelated considerations that must be balanced together"). The common pleas court's September 30, 2021 order reflects that it considered all of these factors when denying Khemsara's motion for stay.

{¶ 20} Khemsara contends that the common pleas court abused its discretion in denying his motion for stay because its decision was based on erroneous findings that he failed to establish unusual hardship or irreparable harm and that he failed to demonstrate a substantial likelihood of success on the merits on his appeal. Khemsara argues that he "more than sufficiently established" that he would suffer unusual hardship and irreparable harm from operation of the Board's order pending the determination his appeal and that he further established that he has a likelihood of success on the merits "as the * * * administrative decision was arbitrary, unconstitutional, and unsupported by a preponderance of reliable and probative evidence." We disagree.

{¶ 21} In support of his motion for stay, Khemsara submitted only a conclusory affidavit in which he averred, generally, that he would "suffer damages in money, time, inconvenience, lost and/or diminished business, lost and/or diminished profit and revenue, lost and/or diminished clients/patients, likely moving costs, damage to reputation and good standing in the community and relevant industry, and/or other damages [or] injuries" or would "otherwise suffer unusual hardship" if his veterinary license was revoked while his appeal was pending. Khemsara also averred that the Board's decision "failed to account for crucial information and evidence" he had presented at the hearing and that it was his "good faith belief" that he had "legitimate, procedural, and substantive grounds" for challenging the Board's decision, including lack of due process and proper notice and because the Board's decision was not supported by "reliable, probative, and

substantial evidence" and was "not in accordance with the law."  In his motion and supporting affidavit, Khemsara did not provide any specific information in support of his claims of unusual hardship and irreparable harm and did not explain, with any detail or supporting evidence, why he believed he would prevail on appeal.[2]

{¶ 22} Although Khemsara will no doubt suffer financial consequences as a result of the revocation of his veterinary license, he has not shown that he will suffer unusual hardship as required under R.C. 119.12(E).  Khemsara, likewise, failed to establish that he would sustain irreparable harm a result of the operation of the Board's order pending the determination of the appeal and did not show a substantial likelihood of success on the merits of his appeal.  *See, e.g., Prince-Paul*, 2015-Ohio-3984, 43 N.E.3d 13, at ¶ 14 (defining irreparable harm as '"an injury "for the redress of which, after its occurrence, there could be no plain, adequate and complete remedy at law, and for which restitution in specie (money) would be impossible, difficult or incomplete'""), quoting *Dimension Serv. Corp. v. First Colonial Ins. Co.*, 10th Dist. Franklin No. 14AP-368, 2014-Ohio-5108, ¶ 12, quoting *Cleveland v. Cleveland Elec. Illum. Co.*, 115 Ohio App.3d 1, 12, 684 N.E.2d 343 (8th Dist.1996).  Further, given the findings against Khemsara in this case, including the prior disciplinary action taken against him, there is a risk of harm to others if a stay

---

[2] In his appellate brief, Khemsara points to the transcript of the administrative hearing as evidence that the proceeding was "clearly a sham and predetermined pretext to revoke [his] license."  However, because he did not make this argument in his motion for stay below, we will not consider it here.  The docket reflects that the transcript of the administrative hearing was filed on September 27, 2021, approximately a week after Khemsara filed his motion for stay, and several days before the common pleas court ruled on the motion for stay.

was granted. *See Bob Krihwan*, 141 Ohio App.3d at 782, 753 N.E.2d 864 ("When asked to stay an administrative order, courts give significant weight to the expertise of the administrative agency, as well as to the public interest served by the proper operation of the regulatory scheme."), citing *Hamlin Testing Labs, Inc. v. United States Atomic Energy Comm.*, 337 F.2d 221 (1964).

**{¶ 23}** Accordingly, based on the record before us, we cannot say that common pleas court acted arbitrarily, unreasonably or unconscionably in denying Khemsara's motion for stay. Khemsara's assignment of error is overruled.

**{¶ 24}** Judgment affirmed.

It is ordered that appellee recover from appellant the costs herein taxed.

It is ordered that a special mandate be sent to the Cuyahoga County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN A. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR